State of Wisconsin, Plaintiff-Respondent,
v.
James Gruentzel, Defendant-Appellant.
No. 03-2635-CR.
Court of Appeals of Wisconsin.
Opinion Filed: May 19, 2004.
Before Anderson, P.J., Brown and Snyder, JJ.
¶1 PER CURIAM.
James J. Gruentzel has appealed from a judgment convicting him of first-degree sexual assault of a child, and sentencing him to forty years in prison, followed by twenty years of extended supervision. He has also appealed from an order denying his motion for postconviction relief. The sole issue on appeal is whether the trial court erroneously exercised its discretion in imposing sentence. Gruentzel contends that the trial court failed to provide adequate reasons for sentencing him to the maximum term of imprisonment and extended supervision, alleging that the trial court essentially sentenced him to life in prison. He also contends that mitigating factors render the sentence unduly harsh.
¶2 We disagree with both contentions, and conclude that the trial court acted within the scope of its discretion in sentencing Gruentzel. We therefore affirm the judgment and order.
¶3 In State v. Gallion, 2004 WI 42, ¶8, ___ Wis. 2d ___, 678 N.W.2d 197, the Wisconsin Supreme Court recently reaffirmed the sentencing standards established in McCleary v. State, 49 Wis. 2d 263, 182 N.W.2d 512 (1971), and determined that the application of those standards, demonstrating the exercise of discretion, must be set forth on the record at sentencing. The supreme court reiterated that sentencing is left to the discretion of the trial court, and appellate review is limited to determining whether discretion was erroneously exercised. Gallion, 678 N.W.2d 197, ¶17. When the exercise of discretion has been demonstrated at sentencing, appellate courts follow a strong policy against interference with that discretion. Id., ¶18. A trial court's sentencing decision is generally afforded a strong presumption of reasonability because that court is best suited to consider the relevant factors and the defendant's demeanor. Id.
¶4 An erroneous exercise of discretion occurs when a sentence is based on irrelevant or improper factors. Id., ¶17. In addition, to properly exercise its discretion, a trial court must provide a rational and explainable basis for the sentence. Id., ¶39. It must specify the objectives of the sentence on the record, which include, but are not limited to, the protection of the community, punishment of the defendant, rehabilitation of the defendant, and deterrence of others. Id., ¶40. It must identify the general objectives of greatest importance, which may vary from case to case. Id., ¶41. The trial court must also describe the facts relevant to the sentencing objectives and explain, in light of these facts, why the particular component parts of the sentence imposed advance the specified objectives. Id., ¶42. Similarly, it must identify the factors that were considered in arriving at the sentence and indicate how those factors fit the objectives and influenced the sentencing decision. Id., ¶43.
¶5 The sentence imposed should be the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. Id., ¶44. Probation should be considered as the first alternative, and should be the disposition unless confinement is necessary to protect the public, the offender needs correctional treatment available only in confinement, or it would unduly depreciate the seriousness of the offense. Id.
¶6 Relevant factors which may be considered in arriving at the sentence include the defendant's past criminal record or history of undesirable behavior patterns; the defendant's personality, character and social traits; the results of a presentence investigation; the vicious or aggravated nature of the crime; the degree of the defendant's culpability; the defendant's demeanor, age, educational background, and employment record; the defendant's remorse and cooperativeness; the need for close rehabilitative control of the defendant; the rights of the public; the effect of the crime on the victim; and any other offenses that were read-in for sentencing purposes. Id., ¶43 n.11. When, as here, the circuit court imposes a bifurcated sentence, it must, by reference to the relevant facts and factors, explain how the sentence's component parts promote the sentencing objectives. Id., ¶¶45-46.
¶7 While a meaningful, on-the-record explanation of a sentence is required, the exercise of discretion does not lend itself to mathematical precision. Id., ¶¶49-50. A trial court must provide an explanation for the general range of the sentence imposed, not for the precise number of years chosen. See id., ¶49.
¶8 Applying these standards here, we conclude that the trial court properly exercised its discretion in sentencing Gruentzel. Gruentzel's conviction arose from the sexual assault of a nine-year-old girl. A charge of exposing a child to harmful material was dismissed but read-in for purposes of sentencing.[1] Gruentzel had been released from prison only three days before he committed these offenses, having reached his maximum discharge date for another child sexual assault.
¶9 According to the complaint, Gruentzel spent the night of March 23, 2002, at the home of his cousin. The complaint alleged that while the cousin and other adult members of the household were out or asleep, Gruentzel sat on the couch with the nine-year-old victim, Sarah, and rubbed her chest under her shirt, and took her foot and rubbed his crotch with it. The complaint also alleged that Gruentzel entered Sarah's bedroom later in the night, straddled her and placed his hand inside her underwear, rubbing her crotch and chest. The complaint indicated that Gruentzel was not wearing pants at the time. In addition, the complaint indicates that Gruentzel asked Sarah to watch pornographic movies with him while he played them on the computer, and repeatedly made references to sexual activity in his statements to her, including asking her to play a "rape" game and telling her he forgot his "good [movie] with the seven year old and the ten year old having sex." According to a statement by Sarah, when they were on the couch Gruentzel also told her not to tell her mother about what had happened or he would find her and hurt her.
¶10 Prior to sentencing Gruentzel, the trial court reviewed presentence reports submitted by the State and the defense, and listened to argument from the prosecutor and defense counsel. In sentencing Gruentzel, the trial court expressly addressed the gravity of the offense, the character of the defendant, and the need for protection of the public. In considering Gruentzel's character, the trial court recognized that Gruentzel had obtained a high school equivalency degree, that he had solved his prior alcohol and drug problems, and that he had spared the victim from having to testify by entering a guilty plea. However, it also concluded that this was a very serious offense, and that Gruentzel posed a great risk to the public, necessitating a very lengthy confinement.
¶11 The trial court addressed the facts and factors relevant to sentencing Gruentzel. It noted that Gruentzel had previously been convicted of another child sexual assault, and had been released from prison for that offense only three days before committing this new offense. It also noted that Gruentzel had been released twice on parole when serving the prior sentence, but had been revoked both times, ultimately serving his sentence until his maximum discharge date. It noted that Gruentzel had a lengthy history of nonsexual crimes and offenses, and that he previously had been placed on probation and revoked for absconding and possessing a notebook listing web sites for child pornography. In considering Gruentzel's history, the trial court also noted that his prior institutional adjustment was poor, and included minimal participation in treatment programs, coupled with three major conduct reports for writing and possessing child pornography, and attempting to obtain books on sexually aberrant subjects, such as sadism, masochism, child rape, and necrophilia.
¶12 In addition to recognizing that Gruentzel was not deterred from committing a new offense by his prior punishments, the trial court discussed the seriousness of the present offense, concluding that it was extremely grievous. It noted that the offense involved both a physical and emotional assault upon the young victim, including multiple acts of improper touching combined with showing her pornographic movies and multiple statements by Gruentzel about the manner in which he would like to sexually assault her.
¶13 On appeal, Gruentzel contends that the acts he committed were not as egregious as some child sexual assaults because they primarily involved touching over clothing and did not involve the use of violence or a weapon. However, the trial court was not required to conclude that these factors diminished the seriousness of Gruentzel's assault of Sarah. Offenses may be of a different nature but equally egregious. The trial court concluded that the victim was subjected to a barrage of sexually-driven conduct and statements from Gruentzel, and that this rendered the offense horrendous. The trial court could reasonably reach this conclusion from the record.
¶14 In evaluating the seriousness of the offense, the trial court was also entitled to consider the deleterious effects of sexual assault on child victims. Contrary to Gruentzel's contention, it was not required to ignore societal knowledge regarding the potential adverse effects of a child sexual assault and conclude that the offense was mitigated based upon the statement by the victim's mother that the victim was doing "okay." Similarly, the trial court was not required to conclude that Gruentzel's work history, professed remorse, and acceptance of responsibility warranted a lesser sentence.
¶15 Based on the record, the trial court reasonably concluded that Gruentzel needed sexual offender treatment if he was ever going to be a functioning member of society. Most importantly, the trial court reasonably concluded that based on Gruentzel's history, including his prior conviction for sexual assault, his prior convictions for other offenses, his poor performance on probation and parole, and his lack of significant adult relationships, he posed a very high risk of re-offending if released to the community. Based upon these factors, the trial court acted within the scope of its discretion in concluding that Gruentzel posed a great danger to children in the community and that the maximum period of confinement and extended supervision was required to achieve the objective of protecting society from him.
¶16 No basis exists to disturb the sentence imposed by the trial court. It discussed the relevant sentencing factors and objectives. It applied them in a reasoned and reasonable manner in assessing Gruentzel's personal characteristics, the gravity of the offense, and the danger posed by Gruentzel to the community. It reasonably concluded that Gruentzel posed an extreme danger to the community, and that the maximum sentence of forty years in prison, followed by twenty years of extended supervision, was appropriate, despite his age.
¶17 Because the trial court considered and weighed proper sentencing factors, and provided a rational explanation for why a maximum sentence was warranted, no basis exists to disturb the judgment or the order denying postconviction relief.
By the Court.  Judgment and order affirmed.
NOTES
[1] In exchange for Gruentzel's guilty plea, a repeat offender penalty enhancement provision was also dismissed.